WAAT PROGRAM SERVICE, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. SONNY CARROLL, AND IN THE ALTERNATIVE SONNY CARROLL SUPPER CLUB, INC., A NEW JERSEY CORPORATION. DEFENDANTS-RESPONDENTS.

Submitted October 21, 1947—Decided January 29, 1948.

For the plaintiff-appellant, *Joseph Schoenholz.*

For the defendants-respondents, *Sigmund G. Bernstein.*

The opinion of the court was delivered by

MCLEAN, J. This is an appeal from the Essex County Circuit Court (Judge Joseph L. Smith, presiding) wherein a judgment for the defendant was entered on his counterclaim. The suit was originally commenced in the District

Court by the plaintiff, WAAT Program Service, Inc., for the sum of $330 the balance claimed to be due under a contract for the furnishing to defendant of certain radio lines and wires and the services of an engineer and announcer for broadcasting radio programs from a club owned by defendant, known professionally as Sonny Carroll. The record was corrected to his proper name, Ozzie W. Carroll. Carroll filed a counter-claim seeking to recover $1,200 due for services as an entertainer and singer under a contract with the plaintiff, which services were rendered over radio station WAAT. The case was then removed to the Circuit Court.

At the trial Carroll admitted his liability with respect to the claim of the plaintiff and the trial court accordingly directed the entry of a judgment against him. The issue tried out and submitted to the jury was the liability of the plaintiff to Carroll on his counter-claim.

The principal defense was that there could be no liability on the part of the plaintiff corporation because it was not in existence at the time the contract alleged by the defendant was entered into. Carroll claimed to have entered into the contract in March, 1944, for performances five or six times a week at a minimum wage of $12 per program, the union rate, with a possibility of more if a sponsor were secured. No sponsor was secured. The services were rendered during the months of April, May, June, July and August, 1944. It appears from the proofs that the plaintiff corporation came into existence on June 23d, 1944, or thereabouts. Judge Smith submitted to the jury the question of whether or not, in view of the conduct of the plaintiff in accepting the services of the defendant and in view of the negotiations had by defendant with one Rosenhaus, the president of the plaintiff corporation and the man who had originally engaged defendant and with whom defendant dealt throughout, there had been a ratification and adoption by the corporation of the contract negotiated by Rosenhaus. Plaintiff contends that this action was error.

The first two grounds of appeal are that the trial court erred in refusing to direct the jury to return a verdict of no cause of action in favor of the plaintiff, because (1) there

was no proof that the contract alleged in the counter-claim was made with the corporation and (2) that there was indisputed proof that the plaintiff corporation was not in existence at the time, the contract was made.

We find no error in the refusal of the court to direct a verdict on either of these grounds. A corporation by ratification or adoption may be bound by a contract made prior to its incorporation. *Horowitz* v. *Weehawken Trust Co.,* 10 *N. J. Mis. R.* 417; 157 *Atl. Rep.* 384, and cases cited. Where a corporation alleges that its officer, who entered into a contract for it, had no authority so to do, but nevertheless accepted the benefits therefrom, the question whether there was a ratification of the contract, or not, was one of fact for the jury. *Elfenbein* v. *Luckenbach Terminals, Inc.,* 111 *N. J. L.* 67, and cases cited.

The question whether there is any evidence from which a jury might reasonably infer a ratification is one for the court, but where there is any evidence which admits of such inference, it becomes a matter for the determination of the jury. *Brauligan* v. *Dean & Co.,* 85 *N. J. L.* 549; *affirmed,* 86 *Id.* 676.

The court determined that there was sufficient evidence from which a jury might reasonably have found that the contract was adopted and ratified by the corporation and our examination of the proofs leads us to conclude that this determination was proper.

The third and fourth grounds of appeal are based on the charge of the court to the jury. We find no error in the portions of the charge excepted to.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, BODINE, DONGES, HEHER, COLIE, WACHENFELD, WELLS, DILL, FREUND, MCLEAN, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, EASTWOOD, BURLING, SCHETTINO, JJ. 4.